JAMES E. BLYTHE, ADM'R OF GEORGE E. DENNY, Appellant, v. CHARLES PRIMEAU, Respondent.

*Administration—Partnership.*—In a suit by the administrator of a deceased partner for a debt due to the partnership, the letters of administration should be admitted in evidence, that the plaintiff may further prove that he has given bond and has become entitled to administer the affairs of the partnership under the statute. (R. C. 1855, p. 121, &c.)

*Appeal from St Louis Court of Common Pleas.*

*Knox & Smith,* for appellant.

Plaintiff submits that the court below erred in excluding the letters of administration on the estate of Denny. The plaintiff's claim rested on these letters, and without them as evidence no recovery could be had ; and no further proof as to the fact that no letters had been taken out on Capen's estate, the fact that plaintiff had given the proper bond, and such other facts as might have been necessary to establish plaintiff's claim, would have been of any avail.

The action of the court below opens the whole question as to whether the administrator of one deceased co-partner has a right to administer upon the co-partnership assets, when the surviving partner does not give the bond required by law.

In this case, plaintiff proved that Capen was a non-resident; he could therefore have no right to administer upon the assets of the firm, even had he lived. Rev. Stat. 1855, p. 121 and following, direct in what manner co-partnership estates shall be administered when one of the firm dies. This law provides that if one co-partner die, " any surviving partner, resident of this State, shall have the right to give bond as hereinafter required," and then he may take charge of the co-partnership estate. This law limits such right to a resident partner. In the present case Capen was a non-resident, and, if living, he could have had no right to administer the co-partnership assets. Had letters of administration been taken out on the estate of Capen, his administrator would have had no greater rights than Capen would have had, had he been living. The care and custody of the co-partnership estate therefore devolved upon Blythe, administrator of Denny, as is provided in sec. 58 of Administration Act (R. C. 1855, p. 123). ·

The only further proof to be made by plaintiff on the trial of this cause, was the production of the bond provided in sec. 58, p. 123, which the rejection of the letters made futile to produce in court on the trial.

Plaintiff would further urge that if he cannot recover in this action, there is no way in which defendant can be made to pay the debt. There is no provision in our statute, or any general provision or principle of law, by which one person can administer, in one administration, upon the joint estate of different co-partners.

The theory of our law is, administration may be granted upon the estate of one deceased partner, with the right to the charge of the whole co-partnership assets, in case there is no surviving partner authorized to administer, or in case the surviving partner may administer but does not.

*J. Wickham,* for respondent.

The only question presented for discussion in this case is, was the plaintiff duly authorized to administer the co-partnership effects of Capen & Denny ?

The letters of administration granted plaintiff upon the estate of George E. Denny, and offered in evidence, did not, *per se,* confer such an authority upon him. Under the statute, §§ 58 & 59, Art. 1, title Administration, pp. 123–4, Vol. I. of Rev. Stat. of 1855, it becomes necessary, in case the surviving partner neglects or refuses to give bond within thirty days after letters of administration have been granted on the estate of the deceased partner, for the administrator of such deceased partner to give further bond to the satisfaction of the court conditioned that he will faithfully execute that trust before he is authorized to collect the debts and administer the effects of the firm. There was no attempt to show by the record that any such bond was given, or, in other words, that the co-partnership estate and effects were legally placed in charge of plaintiff. The law does not contemplate an administrator *de son tort* in such case.

Administration cannot be proved *in pais,* not even by proving that a person acted as administrator, because he might have acted without authority. (Hay v. Bruere, 1 Halst. 312.)

The mere fact of the surviving partner being a non-resident, and unable to qualify as surviving partner, does not alter the effect of the statute, there being nothing in it to authorize the administrator of the deceased resident partner to administer the partnership effects otherwise than as above stated.

WAGNER, Judge, delivered the opinion of the court.

This is a suit on account brought by James E. Blythe, administrator of the estate of George E. Denny, against Charles Primeau, for goods, wares, and merchandise, furnished to the firm of P. Pasquier & Co. by the firm of Capen & Denny.

It appeared in evidence that George E. Denny, one of the

firm of Capen & Denny, lived and died in St. Louis, and that said Capen lived in Boston, Massachusetts, and died there soon after the death of Denny in St. Louis; that they were the sole members of the firm of Capen & Denny; that the defendant was, as one of the partners of P. Pasquier & Co., indebted to the late firm of Capen & Denny, as alleged in the petition.

Plaintiff then proved by a witness that under letters of administration, which he proposed introducing in evidence, he had charge of the assets of the firm of Capen & Denny, acting under and by virtue of said letters.

Plaintiff then offered in evidence letters of administration granted him by the St. Louis Probate Court, authorizing him to administer on the effects of George E. Denny, which were read, subject to an objection by defendant's counsel on the ground that said letters gave plaintiff no right to administer the co-partnership estate of Capen & Denny; the court sustained the objection and plaintiff duly excepted.

Plaintiff then took a non-suit with leave to move to set the same aside, which motion being made and overruled by the court, he brings the case here by appeal.

The principal question presented for decision in this case is, was the plaintiff duly authorized to administer the co-partnership effects of Capen & Denny?

By the Rev. Stat. 1855, p. 121 and following, it is provided that if one co-partner die, "any surviving partner, resident of this State, shall have the right to give bond as hereinafter required" and then he may take charge of the co-partnership estate.

This law limits the right to a resident surviving partner. Here Capen was a non-resident, and, had he lived, could not have administered on the co-partnership effects of the late firm of Capen & Denny.

Where the surviving partner neglects or refuses to give the required bond within the time limited (thirty days), then it is the duty of the executor or administrator on the estate of such deceased partner to forthwith take the whole part-

nership estate, goods and chattels, rights and credits, into his possession; and he shall be authorized to use the name of the survivor in collecting the debts due the late firm, if necessary, and shall with the partnership property pay the debts due from the late firm, &c. But before proceeding, however, to administer upon such partnership property, he shall be required to give further bond, conditioned that he will faithfully execute that trust. (R. C. 1855, §§ 58 & 59, pp. 123 & 124.)

The court below excluded the letters of administration offered by the plaintiff, without giving him an opportunity of introducing in evidence the further bond required by statute. In this the court committed error. It should have received in evidence the plaintiff's letters of administration, in order that he might be enabled to give in evidence the further bond required by law, showing that he was legally entitled to take charge of and administer the partnership assets.

The judgment of the said court will therefore be reversed and the cause remanded; Judge Lovelace concurring herein.